# IN THE COURT OF APPEALS OF IOWA

No. 18-0474
Filed August 1, 2018

**IN THE INTEREST OF P.K.,**
**Minor Child,**

**B.K., Father,**
        Appellant,

**S.K., Mother,**
        Appellant.
_____

        Appeal from the Iowa District Court for Linn County, Barbara H. Liesveld,

District Associate Judge.


        A mother and a father separately appeal the termination of their parental

rights to their child.  **AFFIRMED ON BOTH APPEALS.**


        Brian D. Johnson of Jacobsen, Johnson & Wiezorek P.L.C., Cedar Rapids,

for appellant father.

        Robert W. Davison, Cedar Rapids, for appellant mother.

        Thomas J. Miller, Attorney General, and Meredith L. Lamberti, Assistant

Attorney General, for appellee State.

        Kimberly A. Opatz of Linn County Advocate, Cedar Rapids, guardian ad

litem for minor child.


        Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

A mother and a father separately appeal the termination of their parental rights to their child. Our review is de novo. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).

> [T]he proper analysis under section 232 is first for the court to determine if a ground for termination exists under section 232.116(1) [(2017)]. If a ground exists, the court may terminate a parent's parental rights. Iowa Code § 232.116(1). In considering whether to terminate, "the court shall give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." *Id.* § 232.116(2). Any findings in this regard should be contained in the judge's decision. Finally, before terminating a parent's parental rights, the court must consider if any of the exceptions contained in section 232.116(3) allow the court not to terminate. *Id.* § 232.116(3).

*Id.* at 37. After undertaking this analysis, we affirm on both appeals.

The child was born in September 2016 and tested positive for methamphetamine and carboxy-THC. The mother admitted to smoking methamphetamine during the pregnancy, and the father admitted to using marijuana. The juvenile court adjudicated the child to be in need of assistance (CINA) within the meaning of Iowa Code section 232.2(6)(c)(2), (n), and (o). The court removed the child from the parents' care due to the parents' ongoing methamphetamine use and failure to submit to drug testing. A trial placement with the mother ended after the mother tested positive for methamphetamine.

The juvenile court terminated the mother's and the father's parental rights under section 232.116(1)(h). To terminate a parent's rights under section 232.116(1)(h), the court must find clear and convincing evidence establishes the following:

(1) The child is three years of age or younger.

(2) The child has been adjudicated a [(CINA)] pursuant to section 232.96.

(3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.

(4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

Only the fourth element is in dispute. The question is whether returning the child to the parents at the time of the termination hearing would expose the child to the kind of harm that would lead to a CINA adjudication. *See* Iowa Code § 232.116(1)(h)(4) (requiring proof the child could not be returned to the parents "as provided in section 232.102 at the present time"); *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (interpreting the term "at the present time" to mean "at the time of the termination hearing"); *In re M.M.*, 483 N.W.2d 812, 814 (Iowa 1992) ("[A] child cannot be returned to the parent under Iowa Code section 232.102 if by doing so the child would be exposed to any harm amounting to a new [(CINA)] adjudication.").

Clear and convincing evidence shows the court could not return the child to either parent's care at the time of the termination hearing without exposing the child to harm that would lead to a CINA adjudication. Both parents have a lengthy history of substance abuse, and neither has demonstrated a significant period of sobriety. Both have denied methamphetamine use in contradiction of positive drug-test results. Their continued substance abuse exposes the child to harm that would lead to a CINA adjudication.

We next consider whether termination is in the child's best interests. In making the best-interests determination, the primary considerations are "the child's safety," "the best placement for furthering the long-term nurturing and growth of the child," and "the physical, mental, and emotional condition and needs of the child." *P.L.*, 778 N.W.2d at 37 (quoting Iowa Code § 232.116(2)). The "defining elements in a child's best interest" are the child's safety and "need for a permanent home." *In re J.E.*, 723 N.W.2d 793, 802 (Iowa 2006) (Cady, J., concurring specially).

Although the law requires a "full measure of patience with troubled parents who attempt to remedy a lack of parenting skills," this patience has been built into the statutory scheme of chapter 232. *In re C.B.*, 611 N.W.2d 489, 494 (Iowa 2000). Once the grounds for termination exist, time is of the essence. *See In re A.C.*, 415 N.W.2d 609, 614 (Iowa 1987). "Importantly, . . . it is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *A.S.*, 906 N.W.2d 467, 474 (Iowa 2018) (cleaned up).[1] Children are not equipped with pause buttons; delaying permanency in favor of the parents is not in a child's best interests. *See A.C.*, 415 N.W.2d at 614 ("The crucial days of childhood cannot be suspended while parents experiment with ways to face up to their own problems."). Considering the child's young age and need for permanency, termination is in the child's best interests.

---

[1] "Cleaned up" is a new parenthetical used to indicate that internal quotation marks, alterations, and citations have been omitted from quotations for readability purposes. *See United States v. Steward*, 880 F.3d 983, 986 n.3 (8th Cir. 2018); Jack Metzler, *Cleaning Up Quotations*, 18 J. App. Prac. & Process 143 (Fall 2017).

Finally, both parents ask us to apply one of the exceptions to termination found in section 232.116(3). That section provides that the court need not terminate parental rights in certain situations, which include when the child is in the legal custody of a relative and when termination would be detrimental to the child due to the closeness of the parent-child relationship. Iowa Code § 232.116)(3)(a), (c). However, the exceptions found in section 232.116(3) are permissive, not mandatory. *See In re C.L.H.*, 500 N.W.2d 449, 454 (Iowa Ct. App. 1993), *overruled on other grounds by P.L.*, 778 N.W.2d at 39-40. The decision to apply one of the statutory exceptions to termination is discretionary and depends on the child's best interests under the circumstances of that particular case. *See id.* Under the facts before us, we are unable to find applying any of the exceptions to the termination statute would advance the child's best interests. Accordingly, we affirm.

**AFFIRMED ON BOTH APPEALS.**